IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| AMOS JASON SIMS, | ) | NO.: 26-40039-can13 |
| TIFFANY KAY SIMS, | ) | |
| | ) | CHAPTER 13 |
| Debtors. | ) | |
| | ) | |

OBJECTION TO CONFIRMATION

COMES NOW Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC (herein, "Creditor"), a secured creditor holding a Deed of Trust against the real property located at and more commonly known as 1700 Russell Rd, Pleasant Hill, MO 64080 (the "Property"), and for the reasons stated below, objects to confirmation of Debtors' Chapter 13 plan (Doc. No. 23) (the "Plan").

1.

Debtors, as the proponents of the Plan, have the burden of proof on all elements of plan confirmation, including feasibility. *Meyer v. Hill (In re Hill)*, 268 548, 552 (9th Cir. BAP 2001). See also *In re Weisser*, 190 B.R. 453 (Bankr. M.D. Fla. 1995); *In re Shula*, 280 B.R. 903 (Bankr. S.D. Ala. 2001)(Mahoney, J.)(where debtor failed to satisfy her burden of proving feasibility, plan could not be confirmed); *See, e.g.*, *Watson v. Boyajian (In re Watson)*, 403 F.3d 1, 8 (1st Cir. 2005) (burden on debtor to establish that expense is reasonably necessary and thus entitled to reduce projected disposable income, following chapter 13 trustee objection to plan); *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443–44 (9th Cir. 1986) (before a chapter 13 plan can be confirmed, each of the elements in § 1325(a) must be present "and the debtor has the burden of proving that each element has been met"); *Ruskin v.*

*Blackshear (In re Blackshear)*, 531 B.R. 711, 714 (E.D. Mich. 2015) (debtor "bears 'the ultimate burden of proof to show the requirements of 11 U.S.C. § 1325 have been met' "); *In re Materne*, 640 B.R. 781, 788 (Bankr. D. Mass. 2022); *In re Wareham*, 553 B.R. 875, 879 (Bankr. D. Utah 2016); *Drummond v. Welsh*, 465 B.R. 843, 847 (B.A.P. 9th Cir. 2012), *aff'd* 711 F.3d 1120 (9th Cir. 2013) (burden is on debtor as to each of the requirements of section 1325, including the requirement that all disposable income be devoted to the plan for the requisite period); *In re Steele*, 403 B.R. 882, 890 n.30 (Bankr. D. Kan. 2009) ("proponent of a Chapter 13 plan has the burden to show that all of the tests under § 1325(a) have been met" by a "preponderance of the evidence"); *In re Delbrugge*, 347 B.R. 536, 540 (Bankr. N.D.W. Va. 2006) (debtor has burden of proving that a chapter 13 plan is proposed in good faith); *In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) (debtor has burden to prove that the "conditions for confirmation have been satisfied").

2.

The Court has an independent duty to verify that a case meets the confirmation standards. This is true even for those confirmation requirements that are not the subject of an objection. See *In re Trenton Ridge Investors, LLC*, 461 B.R. 440 (Bankr. S.D. Ohio 2011)(citing *Ala. Dept. of Econ. & Cmty. Affairs v. Ball Healthcase-Dallas (In re Lett)*, 632 F.3d 1216, 1229 (11th Cir. 2011)("Importantly, the Bankruptcy Code envisions a bankruptcy court exercising an independent duty to ensure that the strictures of § 1129(b) are met with regard to impaired dissenting classes of creditors in a Chapter 11 cram down."); *Fin. Sec. Assurance, Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship),* 188 B.R. 799, 805 (E.D. La. 1995) ("A bankruptcy court confirming a 'cram-down' Chapter 11 reorganization plan has an independent duty to analyze the debtor's plan to determine that it has met all the requirements of

the [Bankruptcy] Code . . . ." (footnote omitted)), *aff'd,* 116 F.3d 790 (5th Cir. 1997); *In re Young Broad. Inc.,* 430 B.R. 99, 139 (Bankr. S.D.N.Y. 2010) ("The Lenders object to confirmation of the Committee Plan on the basis that it violates section 1129(b)(2)(B)(ii) because the Committee has failed to establish that the plan does not 'discriminate unfairly' and is 'fair and equitable.' The Committee responded by arguing that the Lenders waived such claims by not asserting them before the court-imposed deadline and that they have no standing to assert such claims. The Court need not reach the issues of waiver and standing because it has an independent duty to ensure that the requirements of 11 U.S.C. § 1129 are satisfied, even if no objections to confirmation have been made."). *In re Bateman*, 331 F.3d 821, 828 n.6 (11th Cir. 2003), including § 1325(a)(9).

3.

A Chapter 13 plan cannot be confirmed unless this Court finds that Debtors will be able to make ALL payments under the plan and comply with the plan. *In re Hammonds*, 729 F.2d 1391, 1394-95 (11th Cir. 1984). *See also Hamilton v. Lanning*, 560 U.S. 505, 521, 130 S.Ct. 2464, 2476 (2010)(citing 11 U.S.C. § 1325(a)(6)). The plan must be realistic, and debtors bear the burden of proving that they will be able to perform what they are proposing under the plan. *In re Hudson*, 2011 WL 1004630, *7 (Bankr. M.D. Tenn. 2011)(Harrison, J.)(citing *In re Howard,* 212 B.R. 864, 880 (Bankr. E.D. Tenn. 1997). Debtors do not have to guarantee success, but they must "provide a reasonable assurance that the plan can be effectuated, and that reasonable assurance must rise above 'bare agronomic feasibility." *Hudson*, 2011 WL 1004630, at *7 (citing In re Wilson, 378 B.R. 862, 891 (Bankr. D. Mont. 2007). Furthermore, "[s]incerity, honesty and willingness are not sufficient to make the plan feasible, and neither are any visionary promises. The test is whether the things which are to be done after confirmation can be done as a

practical matter under the facts." *Hudson*, 2011 WL 1004630, at *7 (quoting *In re Lockard*, 234

B.R. 484, 492 (Bankr. W.D. Mo. 1999).   See also *In re Howard,* 212 B.R. at 879 (feasibility

"must be based on objective facts rather than wishful thinking").

4.

This Chapter 13 case was filed on January 12, 2026.   Debtors have filed several prior

Chapter 13 cases recently, both of which ended unsuccessfully.

| Case No. | Filing Date | Dismissal Date |
|---|---|---|
| 25-40193 | 02/13/2025 | 06/03/2025 (failure to make plan payments) |
| 25-41356 | 08/23/2025 | 11/05/2025 |

5.

It is reasonable for this Court to consider Debtors' prior bankruptcy filings in predicting

whether the present case will result in a discharge.   Various studies and law review articles have

concluded that the overall success rate of Chapter 13 is less than 50%.[1]   Furthermore, at least one

---

[1] Katherine Porter, *The Pretend Solution: An Empirical Study of Bankruptcy Outcomes*, 90 TEXAS L. REV. 103, 153 (2011).  Scott F. Norberg, Consumer Bankruptcy's New Clothes: An Empirical Study of Discharge and Debt Collection in Chapter 13, 7 Am. Bankr. Inst. L. Rev. 415, 440, 450 (1999)("Approximately 32% (23 of 71) of the chapter 13 debtors in the study sample successfully completed a plan and received a discharge");  Scott F. Norberg & Andrew J. Velkey, Debtor Discharge and Creditor Repayment in Chapter 13, 39 Creighton L. Rev. 473, 505 (2006) ("The overall discharge rate for the debtors in the seven districts covered by the Project was exactly the oft-repeated statistic of one-third."); Jean Braucher, An Empirical Study of Debtor Education in Bankruptcy: Impact on Chapter 13 Completion Not Shown, 9 Am. Bankr. Inst. L. Rev. 557, 557, 557 n.5 (2001) (majority of Chapter debtors in empirical study of filings in five judicial districts did not achieve discharge); Personal Bankruptcy: A Literature Review, CBO Paper, (Congressional Budget Office), Sept. 2000, 30-31, available at http://www.cbo.gov/ftpdocs/24xx/doc2421/Bankruptcy.pdf (reporting that an average of 36% of consumers filing Chapter 13 successfully completed their plans, but that this rate is probably understated because some of the dismissed cases may represent multiple filings by the same debtor or "face filings" that may have been dismissed before their plans were confirmed); Gordon Bermant & Ed Flynn, Bankruptcy by the Numbers, Measuring Projected Performance in Chapter 13: Comparisons Across the States, 19 Am. Bankr. Inst. J. 22, 22 (July/Aug. 2000) ("[c]ompletion rates hover nationally at about one-third of confirmed plans, but this national average is a composite made up of extremely variable figures arising from different courtrooms, divisions and districts") (citing http://www.usdoj.gov/ust/statistics/stats-new/05/statistics5.htm); Michael Bork & Susan D. Tuck, Administrative Office of the Courts, Bankruptcy Statistical Trends, Chapter 13 Dispositions (Working Paper 2) (reporting survey of chapter 13 cases filed between 1980 and 1988); Teresa A. Sullivan, Elizabeth Warren & Jay L. Westbrook, As We Forgive Our Debtors: Bankruptcy and Consumer Credit in America 215-17 (1999) (reporting on study of chapter 7 and chapter 13 cases filed in 1981 in ten judicial districts in Pennsylvania, Texas, and Illinois); Jim Wannamaker, The Washington Beat, 6 Nat'l Ass'n Chapter Thirteen Trustees Newsletter No. 1, 7 (Oct. 1993); Michael Catrett,

study has shown that the success rate decreases significantly for debtors who had filed at least one prior bankruptcy case.  Writing for the Creighton Law Review in 2006, Scott Norberg and Andrew Velkey found:

> Debtors who filed bankruptcy for the first time in the sample case were significantly more likely to complete their plans than debtors who had filed one or more previous cases. Conversely, sample debtors whose cases were dismissed were more likely to have filed previously…of the debtors who had not filed a previous case, 38% successfully completed their plans, compared to a completion rate of 22.5% for debtors who had filed one previous case. The completion rate plummeted to 14% for debtors who had filed two or more cases before the sample case.[2]

6.

The Plan significantly understates the prepetition arrearage claim owed to Creditor as $23,000.00. The actual prepetition arrearage amount owed to Creditor as per its Proof of Claim (10-1)(herein, the "Claim") filed in this case on February 9, 2026, is $47,674.99.  Of course, since the Claim was timely filed with all the information and documents required by Fed. R. Bankr. P. 3001, the Claim enjoys the presumption of prima facie validity pursuant to Fed. R. Bankr. P. 3001(f).

7.

According to Creditor's proof of claim in case 25-41356 (Claim 8-1), the arrears were $33,761.70 and the contractual due date on the day the previous case was filed was September, 2024.  Given that the Claim in this case also reflects a due date of September, 2024 (i.e., the

---

Bankruptcy by the Numbers, A Month of Debtors "Foreclosure Tuesday" and the Rush to Chapter 13 in the Houston Division of the Southern District of Texas, 24 Am. Bankr. Inst. J. 24, 24 (May 2005) (finding discharge rate of 23% for Chapter 13 cases filed in the Houston Division of the Southern District of Texas in 1999); Gordon Bermant & Ed Flynn, Measuring Projected Performance in Chapter 13: Comparisons Across the States, Am. Bankr. Inst. J., July-Aug. 2000, at 22, 22 ("Completion rates [for Chapter 13 filings] hover nationally at about one-third of confirmed plans...."); Henry E. Hildebrand III, Administering Chapter 13--At What Price?, Am. Bankr. Inst. J., July-Aug. 1994, at 16, 16 ("The trustees estimated that the completion rate of chapter 13 cases averaged 32.89 percent. This is consistent with conventional wisdom that approximately two-thirds of chapter 13 cases fail to reach discharge.");

[2]   Norberg & Velkey, Debtor Discharge and Creditor Repayment in Chapter 13, 39 Creighton L. Rev. at 518.

Debtors have made no mortgage payments since the filing of the previous case, it is difficult to fathom how the arrears in this case could possibly be less than $33,761.70.  The Plan as filed is in bad faith.

8.

The Plan also significantly understates the amount the priority claim filed by the Internal Revenue in the amount of $20,850.36 (See Claim #11-1).  The Plan as filed is infeasible.

9.

Creditor reserves the right to raise any failure of Debtors to cooperate with the Trustee in this bankruptcy case, including providing all required information and documents, if at the time of the confirmation hearing that appears to be the case.

10.

Creditor reserves the right to raise any failure of Debtors to timely file all required income tax returns as required by 11 U.S.C. § 1308, if at the time of the confirmation hearing that appears to be the case.

11.

Creditor reserves the right to raise any failure of Debtors to timely make all payments under the Plan or required by the Plan, if at the time of the confirmation hearing that appears to be the case.

*(the remainder of this page left blank intentionally)*

WHEREFORE, PREMISES CONSIDERED, Creditor prays that the Court will:

1. deny confirmation,

2. award reasonable attorney's fees, and

3. grant such other and further relief as is just and equitable.


*/s/Michael J. McCormick*
Michael J. McCormick
Missouri Bar No. 64649
Attorney for Creditor
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076
678-281-3918
Michael.McCormick@mccalla.com

Bankruptcy Case No.:   26-40039-can13

Chapter:        13

CERTIFICATE OF SERVICE

I, Michael J. McCormick, of MCCALLA RAYMER LEIBERT PIERCE, LLP, 1544 Old Alabama Road, Roswell, GA 30076, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I served a copy of the within OBJECTION TO CONFIRMATION filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Amos Jason Sims
1700 Russell Rd
Pleasant Hill, MO 64080

Tiffany Kay Sims
1700 Russell Rd
Pleasant Hill, MO 64080

Bryan Patrick Cardwell,                      (*served via ECF Notification*)
Wm Law
15095 W. 116th St.
66062
Olathe, KS 66062

Richard Fink                                 (*served via ECF Notification*)
Suite 1200
2345 Grand Blvd.
Kansas City, MO 64108-2663

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on:   __03/06/2026_____   By:      _*/s/Michael J. McCormick*_____
             (date)                                               Michael J. McCormick
                                                           Missouri Bar No. 64649
                                                           Attorney for Creditor